Weygandt, C. J.,
dissents for two reasons.
In the first place, this court has not heretofore overruled its decision in the case of Zangerle, Aud., v. City of Cleveland, 145 Ohio St., 347, 61 N. E. (2d), 720. This fact was stated expressly in the opinion in the recent case of In re Application for Exemption of Real Property from Taxation: City of Columbus v. County of Delaware, 164 Ohio St., 605, 132 N. E. (2d), 747.
Secondly, the exemption of this property will have the effect of emphasizing the profit objective of the operation since, under the municipal charter itself, the Cleveland Transit System will be compelled to establish fares at rates that will provide, in addition to all other expenses, a sum sufficient to pay the city an amount equal to the portion of the taxes which it would have been required to pay if the utility were not publicly owned. .This obligation is imposed likewise by the indenture of mortgage securing the transit system bonds.
Ironically, in the Zangerle case, supra, this court reversed the decision of the Board of Tax Appeals, and in the instant case the board followed this court’s pronouncement in the Zorn, *267 gérle case, but nevertheless the bewildering result is still another reversal.
Stewart, J., concurs in the foregoing dissenting opinion.